IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY L. LIVINGSTON, | : | |
| Plaintiff, | : | 1:16-cv-0039 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| LIEUTENANT SHERMAN, et al., | : | |
| Defendants. | : | |

## **MEMORANDUM**

### March 1, 2017

Plaintiff Anthony L. Livingston ("Livingston" or "Plaintiff"), a federal inmate formerly confined in the Special Management Unit ("SMU") at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this this *Bivens*[1] action on January 11, 2016.  (Doc. 1).  Livingston names Lieutenants Sherman, Miller, and Agones as Defendants.

Presently pending is Defendants' motion (Doc. 16) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  For the reasons set forth below, the motion for summary judgment will be granted.

---

[1] *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal- question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

I.     **SUMMARY JUDGMENT STANDARD OF REVIEW**

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *Brown v. Grabowski*, 922 F.2d 1097, 1111 (3d Cir. 1990). A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law. *Id.*; *Gray v. York Newspapers, Inc.*, 957 F.2d 1070, 1078 (3d Cir. 1992). An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 257; *Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America*, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d

Cir. 1996). Once such a showing has been made, the non-moving party must go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. FED. R. CIV. P. 56; *Celotex*, 477 U.S. at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986) (stating that the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts"); *Wooler v. Citizens Bank*, 274 F. App'x 177, 179 (3d Cir. 2008). The party opposing the motion must produce evidence to show the existence of every element essential to its case, which it bears the burden of proving at trial, because "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex.* at 323; *see also Harter v. G.A.F. Corp.*, 967 F.2d 846, 851 (3d Cir. 1992). "[T]he non-moving party 'may not rely merely on allegations or denials in its own pleadings; rather, its response must . . . set out specific facts showing a genuine issue for trial.'" *Picozzi v. Haulderman*, 2011 WL 830331, *2 (M.D. Pa. 2011) (quoting FED. R. CIV. P. 56(e)(2)). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of North America. Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

## II.   STATEMENT OF MATERIAL FACTS

"A motion for summary judgment filed pursuant to Federal Rule of Civil Procedure FED. R. CIV. P. 56 shall be accompanied by a separate, short and concise statement of the material facts . . . as to which the moving party contends there is no genuine issue to be tried." *See* L.R. 56.1.  The opposing party shall file a separate statement of the material facts as to which it is contended that there exists a genuine issue to be tried.  *Id.*  "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."  *Id.*

On October 3, 2016, an Order (Doc. 24) entered directing Livingston to file a brief in opposition to Defendants' motion and a statement of material facts specifically responding to the numbered paragraphs in Defendants' statement of material facts (Doc. 18).  The order cautioned him that, in accordance with the Local Rules of Court, his failure to respond to the statement of material facts would result in the facts being deemed admitted, and his failure to file an opposition brief would result in the motion being deemed unopposed.  On October 17, 2016, he filed an opposition brief (Doc. 26), and a document (Doc. 27) entitled "Plaintiff Statement of Material Facts."  The statement of material facts does not comport with the Local Rules of Court in that it is simply one paragraph and does

not specifically respond to the numbered paragraphs in Defendants' statement. Consequently, Defendants' statement of material facts will be deemed admitted.

The BOP Administrative Remedy Program is a multi-tier process that is available to inmates confined in institutions operated by the BOP for review of an issue which relates to any aspect of their confinement. (Doc. 18,¶ 3, citing 28 C.F.R. §542 *et seq.*). An inmate must initially attempt to informally resolve the issue with institutional staff by completing a BP-8 form. (*Id.* at 4, citing 28 C.F.R. § 542.13(a)). If informal resolution fails an inmate may submit a request *via* a BP-9 form to the Warden within 20 days of the date on which the basis for the request occurred. (*Id.* at 5, citing 28 C.F.R. § 542.14(a)). An inmate who is dissatisfied with the Warden's response may submit an appeal using a BP-10 form to the Regional Director of the BOP within 20 days of the date the Warden signed the response. (*Id.* at 6, citing 28 C.F.R. § 542.15(a)). The Regional Director has 30 calendar days to respond to the appeal. (*Id.* at 8, citing 28 C.F.R. § 542.18). If the Regional Director denies the appeal, the inmate may then appeal to the BOP's Central Office within 30 days of the denial. (*Id.* at 7). The Central Office has 40 calendar days to respond to an appeal. (*Id.* at 11). Appeal to the Central Office is the final administrative appeal. (*Id.* at 12). Upon conclusion of the appeal, the inmate may file a civil action. (*Id.* at 10).

Plaintiff is a federal inmate in the custody of the Federal Bureau of Prisons ("BOP") formerly designated to the Special Management Unit ("SMU") at USP-Lewisburg, alleging that he suffered scars and dark spots on his body after being placed in restraints by the Defendants. (*Id.* at 2, 19). A July 18, 2016 search of BOP records revealed that Livingston utilized the administrative remedy process on two occasions, Remedy Nos. 717824-R1 and 729172-R1. (*Id.* at 19, 22, 30). Each involved appeal of a Disciplinary Hearing Officer's adjudication of two separate Incident Reports received by Livingston. (*Id.* at 20). The BOP records search further revealed that Livingston failed to seek administrative review of the claims alleged in the complaint. (*Id.* at 21).

## III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—

to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)).  Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts.  *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir. 2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006).  It requires compliance with the prison's "deadlines and other critical procedural rules." *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007).  "[F]ailure to satisfy the procedural rules of the [BOP's] administrative process constitutes a procedural default." *Moscato*, 98 F.3d at 760–761 *(citing Francis v. Rison*, 894 F.2d 353,355 & n. 2 (9th Cir. 1990); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir.1986)).

The PLRA requires Livingston to pursue administrative relief with regard to his *Bivens* claims prior to filing suit in federal court. He contends that he "initiated the administrative remedy process. Regional Administrative Remedy Appeal case number – 729172." (Doc. 27, p. 1). However, review of BOP records indicates that this is an appeal of a DHO hearing decision wherein Livingston was found to have committed the prohibited act of Assaulting without Serious Injury; there is no mention of the issues raised in his complaint. (Doc. 18-1, pp. 32-40). The party adverse to summary judgment must raise "more than a mere scintilla of evidence in its favor" in order to overcome a summary judgment motion and cannot survive by relying on unsupported assertions, conclusory allegations, or mere suspicions. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989). It is undisputed that Livingston failed to exhaust his available administrative remedies with regard to the issues raised in his Complaint. Consequently, Defendants are entitled to an entry of summary judgment.[2]

---

[2] Plaintiff fares no better if his claims are construed as having been brought pursuant to the Federal Tort Claims Act. **Error! Main Document Only.** 28 U.S.C. § 2679(b)(1). The FTCA provides that a suit against the United States is the exclusive remedy for persons seeking recovery for common law torts committed by federal employees within the scope of their federal employment. *See also* 28 U.S.C. §1346(b) (governing jurisdiction). Because the FTCA is a limited waiver of sovereign immunity which extends to the United States, but not to its agencies and employees, the United States is the only appropriate defendant. The BOP also has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death, or loss of property. (Doc. 18, ¶ 65, citing 28 C.F.R. §§ 543.30-543.32). The administrative tort claim process is also outlined in the BOP Program Statement 1320.06, Federal Tort Claims Act. (*Id.* at 66). A search of this database revealed no record of an administrative tort claim filed by Livingston. (*Id.* at 70-71).

## V. CONCLUSION

For the foregoing reasons, Defendants' motion (Doc. 16) for summary judgment pursuant to Federal Rule of Civil Procedure 56 will be granted.

A separate order will enter.